# Miller v. Miller

*Gilbert G. Malone, Stock & Leader,* for plaintiff.

*Donald H. Yost, Wogan, Elsesser & Yost,* for defendant.

SHADLE, J., January 19, 1968.—This case presents the narrow issue of whether married but separated spouses may obtain partition of real estate owned by them as tenants by entireties.

The parties were married on July 29, 1945, and on September 20, 1945, acquired the real estate in question as tenants by entireties. Plaintiff-wife, in an action in equity, seeks partition of the property, alleging in her complaint that defendant-husband "is now in exclusive possession of the above said property, he having appropriated same to his exclusive use and benefit",

and that defendant "ejected her from the above said property and denied to her the enjoyment of any rights in said property". Defendant, by preliminary objections, demurred to the complaint, claiming that no right of partition exists as to entireties real estate owned by parties still married to each other.

The issue has been conclusively answered in Shapiro v. Shapiro, 424 Pa. 120, 137 (1966), despite a number of earlier cases to the contrary. The court there said:

". . . in Lindenfelser v. Lindenfelser, 396 Pa. 530, 534-535, 153 A. 2d 901 (1959), this Court considered both the earlier Lindenfelser case and DeLuca case and stated the modern rule to be that where husband and wife are separated but not divorced and where one of them is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties, an accounting of the property so held may be ordered and the property or proceeds divided equally between them. The modern rule permits the partition of real estate . . ."

To the same effect is Flood v. Flood, 43 D. & C. 2d 283, where the authorities are reviewed and the Shapiro rule is recognized, but wherein partition was denied because Flood found that the wife had not been wrongfully excluded from the real estate.

We find nothing in Shapiro to require that any exclusion of plaintiff spouse be wrongful, but merely that he or she, in fact, be excluded from the exercise or enjoyment of the rights of ownership. Such exclusion having been alleged here, the demurrer on the grounds set forth must be overruled.

### ORDER

And now, to wit, January 19, 1968, defendant's preliminary objections to plaintiff's complaint are overruled and refused, with leave to file an answer on the merits within 20 days from this date.